UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARLAND JEFFERS, | ) | CV F 05 0745 AWI LJO HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS PURSUANT TO 28 |
| | ) | U.S.C. § 2241 |
| | ) | |
| PAUL M. SCHULTZ, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND[1]**

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary located in Atwater, California, pursuant to two separate judgments from the United States District Court for the Northern District of Indiana: 1) In 1974, Petitioner was convicted of conspiring to distribute heroin and cocaine in violation of 21 U.S.C. § 846; and 2) In 1975, Petitioner was convicted of engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848.

---

[1] This information was derived from the petition for writ of habeas corpus.

See United States v. Jeffers, 388 F.3d 289, 290-291 (7th Cir.2004). Petitioner was sentenced to a determinate prison terms of 15 years plus a $25,000.00 fine for the 1974 conspiracy conviction. Id. at 291. He was given a consecutive life sentence plus a $100,000.00 fine for the 1975 CCE conviction. Id.

Petitioner appealed the convictions to the Seventh Circuit Court of Appeals. The Seventh Circuit subsequently affirmed the conspiracy conviction. United States v. Jeffers, 520 F.2d 1256 (7th Cir.1975), *cert. denied*, 423 U.S. 1066, 96 S.Ct. 805, 46 L.Ed.2d 656 (1976). The Seventh Circuit also upheld the second conviction and sentence on appeal. United States v. Jeffers, 532 F.2d 1101 (7th Cir.1976). On May 10, 1999, the Eleventh Circuit dismissed the appeal. Id.

The Supreme Court subsequently granted certiorari to consider whether the consecutive prosecutions for § 846 conspiracy and § 848 CCE were contrary to the Double Jeopardy Clause of the Fifth Amendment. Jeffers v. United States, 432 U.S. 137 (1977). Separate majorities of the Supreme Court coalesced to uphold Jeffers' CCE conviction against the double jeopardy challenge (the plurality and Justice White) but to vacate and remand the judgment insofar as it imposed cumulative fines (the plurality and the dissenters). Jeffers, 388 F.3d at 291-292. Specifically, the Supreme Court found that Petitioner had waived whatever right he may have had to object to the second prosecution under § 848 when he opposed the Government's motion, brought before the first trial, to consolidate the proceedings. Jeffers, 432 U.S. 149-150.

As summarized by the Seventh Circuit, Petitioner has spent the last thirty years challenging his CCE conviction as a violation of the Double Jeopardy Clause:

> Since the conclusion of his direct appeal, Jeffers has attempted numerous collateral attacks upon his CCE conviction, including a total of five petitions under 28 U.S.C. § 2255, three requests for leave to file additional § 2255 challenges, and three petitions under 28 U.S.C. § 2241. All have been unsuccessful.

Id.

On June 9, 2005, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner alleges his CCE conviction violates the Double Jeopardy Clause of the Fifth Amendment.

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction

or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner concedes this fact. Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255. However, a petition contending Petitioner's conviction is invalid is still a § 2255 petition regardless of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or

unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The Ninth Circuit has acknowledged that "[o]ther circuits have held that . . . a federal prisoner who is actually innocent of the crime of conviction, but who has never had an unobstructed procedural shot at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed." Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). Nevertheless, the Ninth Circuit in Lorentsen specifically declined to decide whether to adopt the holdings of any other circuits. Id. Notably, however, the Ninth Circuit did find that the Petitioner in Lorentsen could not invoke the "escape hatch in § 2255" because the Petitioner was not "actually innocent" of the underlying conviction. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

      In the petition for writ of habeas corpus, Petitioner makes the claim that § 2255 is inadequate and ineffective, because, he contends, he has not had an "unobstructed procedural shot" at presenting his double jeopardy challenge. Petitioner's thirty year history of challenging his CCE conviction at all levels of the federal courts shows this is not so. In fact, as previously noted the Supreme Court specifically upheld the CCE conviction against his double jeopardy challenge. See Jeffers v. United States, 432 U.S. 137, 149-150 (1977). Nevertheless, Petitioner claims his double jeopardy challenge relies on a new rule of law set forth in Rutledge v. United States, 517 U.S. 292 (1996). In Rutledge, the Supreme Court held that a conviction for conspiracy to distribute controlled substances is a lesser included offense of conducting a continuing criminal enterprise (CCE) and is based on the same underlying conduct as a conviction for CCE, and therefore amounts to improper, cumulative, and second punishment. Id. at 302. However, this is not a new rule of law. It is the same rule of law that was considered by the Supreme Court in Petitioner's case. However, the Supreme Court declined to extend the rule to Petitioner's case and hold the conspiracy to be a lesser included offense because it found that even if it was, Petitioner had waived whatever right he may have had to object to the second prosecution under § 848 when he opposed the Government's motion to consolidate the proceedings. Jeffers, 432 U.S. 149-150.

      Therefore, it is clear that Petitioner's arguments do not merit the application of the savings

clause. Petitioner has had several unobstructed opportunities to present his double jeopardy challenge to all levels of the federal courts. Therefore, the petition should be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 29, 2005**            **/s/ Lawrence J. O'Neill**
b9ed48                                 UNITED STATES MAGISTRATE JUDGE