UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND JEFFERS, ) | CV F 05 0745 AWI LJO HC |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATION |
| ) | [Doc. #4] |
| v. ) | |
| ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| PAUL M. SCHULTZ, Warden, ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| Respondent. ) | TO ENTER JUDGMENT |
| ) | |

   Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

   On June 30, 2005, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

   On July 6, 2005, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. In his objections, Petitioner complains the Magistrate Judge erred by relying on Jeffers v. United States, 432 U.S. 137 (1977). Petitioner argues that Jeffers was overruled by Rutledge v. United States, 517 U.S. 292 (1996), and that Rutledge created a new rule of constitutional law which should be applied retroactively in Petitioner's case. This argument is not persuasive. In Rutledge, the Supreme Court did not overrule Jeffers. The Supreme Court distinguished Jeffers and found the outcome of Jeffers comported with constitutional law. As noted by the Supreme Court in Rutledge, "The [Jeffers] plurality did not need to hold that conspiracy was a lesser included offense because it found that even if it was, the petitioner waived whatever right he may have had to object to the second prosecution under § 848 when he opposed the Government's motion, brought before the first trial, to consolidate the proceedings. Rutledge, 517 U.S. at 299, fn.9 , *citing* Jeffers, 432 U.S. at 149-150, 153-154.

In addition, the Magistrate Judge properly found that Petitioner has had many opportunities at all levels of the federal courts to present his claims. See, e.g., United States v. Jeffers, 520 F.3d 1256 (7th Cir.1975), *cert. denied*, Jeffers v. United States, 423 U.S. 1066 (1976); United States v. Jeffers, 532 F.2d 1101, (7th Cir.1976), *cert. granted*, Jeffers v. United States, 429 U.S. 815 (1976), *affirmed in part, vacated in part*, Jeffers v. United States, 432 U.S. 137 (1977), *rehearing denied*, Jeffers v. United States, 434 U.S. 880 (1977); Jeffers v. United States, 951 F.2d 352 (7th Cir.1991); Jeffers v. United States, 27 F.3d 569 (7th Cir.1994), *cert. denied*, Jeffers v. United States, 513 U.S. 1030 (1994); Jeffers v. United States, 116 F.3d 1482 (7th Cir.1997); Jeffers v. Chandler, 234 F.3d 277 (5th Cir.2000), *opinion withdrawn and superceded on rehearing*, Jeffers v. Chandler, 253 F.3d 827 (5th Cir.2001), *cert. denied*, Jeffers v. Chandler, 534 U.S. 1001 (2001); Jeffers v. United States, 388 F.3d 289, 291-292 (7th Cir.2004) ("Since the conclusion of his direct appeal, Jeffers has attempted numerous collateral attacks upon his CCE conviction, including a total of five petitions under 28 U.S.C. § 2255, three requests for leave to file additional § 2255 challenges, and three petitions under 28 U.S.C. § 2241. All have been unsuccessful.")

Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and

proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued June 30, 2005, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DISMISSED; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:     August 12, 2005**                             **/s/ Anthony W. Ishii**
0m8i78                                                                     UNITED STATES DISTRICT JUDGE